IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES K. TRACY,<br><br>        Plaintiff,<br><br>v.<br><br>JEFF STEPHENS, JON RITCHIE, JAN BURRELL, DEAN OBORN, DOUGLAS HURST, JANIS CHRISTENSEN, PAUL WIDDISON, BRUCE JARDINE, and WEBER SCHOOL DISTRICT,<br><br>        Defendants,<br><br>ALENA ERICKSEN and MIKEL BROWN,<br><br>        Consolidated Plaintiffs,<br><br>v.<br><br>REID NEWEY, JOHN ROBISON, MARIE STEVENSON, LIZ MUMFORD, JULIE TANNER, BRIGIT GERRARD, GORDON ECKERSLEY, CHERYL PHIPPS, and DAVIS SCHOOL DISTRICT,<br><br>        Consolidated Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Lead Case No. 1:21-cv-00152-TC-CMR<br><br>Member Case No. 1:21-cv-00153-TC-DBP<br><br>District Judge Tena Campbell |

On November 16, 2021, pro se plaintiff James K. Tracy filed a complaint against Weber School District, its superintendent, and its school board members. Tracy v. Stephens et al., Case No. 1:21-cv-152-TC-CMR. That same day, pro se plaintiffs Alena Ericksen and Mikel Brown filed a complaint against Davis School District, its superintendent, and its school board members. Ericksen et al. v. Newey et al., Case No. 1:21-cv-00153-TC-DBP. On January 5, 2022, the court ordered that the cases be consolidated, effective January 20, 2022. (ECF No. 31 in 1:21-cv-152;

ECF No. 34 in 1:21-cv-153.) Mr. Tracy, Ms. Ericksen, and Mr. Brown all object to consolidation. (ECF No. 32 in 1:21-cv-152; ECF No. 35 in 1:21-cv-153.)

The Plaintiffs give three reasons why the court should reverse course and keep the cases separate. First, the Consolidated Defendants in 1:21-cv-153 failed to respond by the answer deadline, and there is a pending motion for entry of default. Second, the Consolidated Defendants submitted a motion for extension of time and a memorandum in opposition to default that were "unsupported by affidavits from the named Defendants," which the Plaintiffs assert is hearsay. Third, consolidation would "violate the *res judicata* doctrine" because by defaulting, the Consolidated Defendants have admitted the facts alleged in the complaint, so they should be precluded from relitigating the issues.

I. **Behounek v. Grisham**

A sister district court dealt with a similar issue in Behounek v. Grisham, No. 1:20-cv-00405-JCH-LF, 2020 WL 5757798 (D.N.M. Sept. 28, 2020), report and recommendation adopted, 2020 WL 6117810 (D.N.M. Oct. 16, 2020). There, a pro se plaintiff sued the Governor of New Mexico and the State over various COVID-19 restrictions. The plaintiff served the amended complaint and summonses on the defendants, and they failed to respond within twenty-one days. One day later, the plaintiff moved for entry of default and default judgment, and the defendants' counsel entered their appearances. There had apparently been a delay in the law firm being assigned to the case, which led to the late appearance.

In her proposed findings and recommended disposition, United States Magistrate Judge Laura Fashing first noted that the Clerk of Court had not yet entered default. She looked to the plain text of the Federal Rules of Civil Procedure, which state that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

2

failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added).  The word "must" means that entry of default is not discretionary. Behounek, 2020 WL 5757798, at *3 (citing Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 186 (2d Cir. 2015)). Accordingly, because the plaintiff satisfied Rule 55(a), Judge Fashing recommended that the court grant the motion for entry of default.

But Judge Fashing then recommended that the court immediately set aside the entry of default under Rule 55(c).  Although the defendants had not formally moved to set aside the default, courts "have shown considerable leniency" in treating other filings like motions to set aside entries of default.  Behounek, 2020 WL 5757798, at *3 (quoting 10A Charles Alan Wright et al., Federal Practice and Procedure § 2692 (4th ed.)).  Judge Fashing therefore treated the defendants' response to the plaintiff's motion for default judgment as a motion to set aside and turned to consider its merits.

Setting aside an entry of default requires "good cause," Fed. R. Civ. P. 55(c), but this is a lesser standard than the excusable neglect required under Rule 60(b).  Behounek, 2020 WL 5757798, at *2 (citing Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997)).  Judge Fashing analyzed the motion to set aside using the same three factors used for a motion to set aside a default judgment: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."  Id. at *3 (quoting Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744, 750 (10th Cir. 2009)).  Finding that all three factors weighed in favor of the defendants, Judge Fashing recommended that the court set aside the entry of default.  United States District Judge Judith C. Herrera agreed with Judge Fashing's analysis and adopted her proposed findings and

3

recommended disposition. Behounek, No. 1:20-CV-00405-JCH-LF, 2020 WL 6117810, at *1 (D.N.M. Oct. 16, 2020).

## II. Behounek's Application Here

The facts in Behounek are much like the facts in this case. Both involve pro se plaintiffs suing elected officials over alleged constitutional violations related to COVID-19. Having reviewed Behounek, the court agrees with Judge Fashing's analysis.

Entry of default is not discretionary if the plaintiffs show that the defendants have "failed to plead or otherwise defend," and "that failure is shown by affidavit." Fed. R. Civ. P. 55(a). In Ericksen v. Newey, No. 1:21-cv-153, the Consolidated Plaintiffs served the Consolidated Defendants on November 23, 2021, putting the answer deadline on December 14, 2021. The Consolidated Defendants did not answer the complaint or file a motion to dismiss by that date. Two days later, the Consolidated Plaintiffs moved for entry of default, accompanied by affidavits. (ECF No. 12.) The Consolidated Plaintiffs have satisfied Rule 55(a) and are entitled to entry of default against the Consolidated Defendants.

But the court will immediately set aside the default under Rule 55(c). The Consolidated Defendants filed a memorandum opposing default (ECF No. 24), which the court construes as a motion to set aside entry of default. Again, the court looks to three factors: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Pinson, 316 F. App'x at 750 (quoting In re Dierschke, 975 F.2d 181, 183 (5th Cir. 1992)). Here, the Consolidated Defendants' default was not willful, setting the default aside would not prejudice the Consolidated Plaintiffs, and the Consolidated Defendants have presented a meritorious defense.

First, the Consolidated Defendants' default was not willful. They filed a memorandum opposing default the same day that the Consolidated Plaintiffs moved for entry of default—a mere two days after their responsive pleading was due. The Consolidated Defendants allege that they were inadvertently delayed because their attorney misread an email. Their attorney received an email with two complaints attached: Case Nos. 1:21-cv-153 and 1:21-cv-154. (Mr. Brown is a plaintiff in both cases, and both email attachments bore his name.) The attorney entered an appearance in 1:21-cv-154, but he did not realize that there was a second case. As soon as he realized his error (two days after the answer deadline), he entered an appearance, moved for an extension of time, and opposed entry of default.[1] This short delay is not evidence of a willful default. See Pinson, 316 F. App'x at 750 (holding that a six-day delay was evidence of the defendant's good faith, not willfulness); Guttman v. Silverberg, 167 F. App'x 1, 4 (10th Cir. 2005) (holding that a six-day delay created no "substantial advantage" and was grounds to set aside entry of default). The court thus finds that the Consolidated Defendants' default was not willful.

Second, the Consolidated Plaintiffs have failed to demonstrate any prejudice they might suffer if the court sets aside the default. The only issue they raise is the potential for res judicata. Res judicata, or claim preclusion, requires that four elements be satisfied:

> (1) [T]he prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.

---

[1] The Consolidated Plaintiffs complain that the Consolidated Defendants' memorandum opposing entry of default is "unverified" because it only contained averments from the Defendants' attorney and was missing "supporting affidavits or depositions from the Defendants." (Obj. at 2, ECF No. 35.) Of course, "statements of counsel do not constitute evidence," (Id. (citing United States v. Irvin, 682 F.3d 1254, 1275 (10th Cir. 2012)), but this is not a trial. Nor is the Defendants' attorney's affidavit hearsay. The affidavit only refers to events that he personally observed, events related to the delay in responding to the complaint in 1:21-cv-153. This objection to consolidation is meritless and is overruled.

Nwosun v. Gen. Mills Rests., Inc., 124 F.3d 1255, 1257 (10th Cir. 1997). Although the Consolidated Defendants have defaulted, claim preclusion does not apply because there has not been a judgment on the merits. Default is not the same as default judgment. Even if there were a judgment, claim preclusion only applies in a subsequent action—not the same lawsuit. Nor does issue preclusion apply. Even if there had been a default judgment, a default judgment does not have any issue preclusive effect. See Arizona v. California, 530 U.S. 392, 414 (2000) (quoting Restatement (Second) of Judgments § 27). "[D]elay alone is not a sufficient basis for establishing prejudice. To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir. 1990) (internal citations and quotations omitted). The Consolidated Plaintiffs have not met this burden, and the court finds that the short delay will not prejudice them.

Third, the Consolidated Defendants have presented a meritorious defense. "[A]llegations are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense." Mohamad v. Rajoub, 634 F.3d 604, 606 (D.C. Cir. 2011) (quoting Keegel v. Key W. & Caribbean Trading Co., 627 F.2d 372, 373 (D.C. Cir. 1980)), aff'd sub nom. Mohamad v. Palestinian Auth., 566 U.S. 449 (2012). Both sets of Defendants have filed motions to dismiss. (ECF No. 34 in 1:21-cv-152; ECF No. 36 in 1:21-cv-153.) After reviewing the Consolidated Defendants' motion to dismiss, the court finds that the motion contains meritorious defenses that, if proven, would provide a complete defense to the Consolidated Plaintiffs' claims. The Consolidated Defendants argue that the Davis School District's COVID-19 requirements are constitutional, that there is no link "between the individual District employees and the allegedly unconstitutional acts," that the individual District employees are entitled to qualified immunity,

6

and that the Consolidated Plaintiffs' conspiracy and state-law claims fail for other reasons. These arguments more than satisfy this standard.

Because all three factors weigh in favor of the Consolidated Defendants, the court finds good cause to set aside the entry of default. With those objections resolved, there is no reason that the consolidation order should not go into effect. Both sets of Defendants have filed motions to dismiss. United States Magistrate Judge Cecilia M. Romero has been designated under 28 U.S.C. § 636(b)(1)(B) to review the motions to dismiss, and she will provide a Report and Recommendation to the court in due time.

## ORDER

For the foregoing reasons, the court orders as follows:

1. The Consolidated Plaintiffs' motion for entry of default (ECF No. 12 in 1:21-cv-153) is GRANTED.

2. The entry of default is SET ASIDE under Federal Rule of Civil Procedure 55(c).

3. The Consolidated Defendants' motion for extension of time (ECF No. 25 in 1:21-cv-153) is GRANTED. The deadline to respond to the Consolidated Plaintiffs' complaint is moved to January 15, 2022.

4. The Plaintiffs' Objections (ECF No. 32 in 1:21-cv-152; ECF No. 35 in 1:21-cv-153) are OVERRULED. Ericksen et al. v. Newey et al., Case No. 1:21-cv-00153-TC-DBP (the higher-numbered case) will be consolidated into Tracy v. Stephens et al., Case No. 1:21-cv-152-TC-CMR (the lower-numbered case), effective immediately.

5. The Plaintiffs must respond to the Defendants' motions to dismiss (ECF No. 34 in 1:21-cv-152; ECF No. 36 in 1:21-cv-153) by February 17, 2022. The Defendants' replies will be due March 3, 2022.

DATED this 20th day of January, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge
